United States District Court
Southern District of Texas
**ENTERED**
December 20, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCD MEMORIAL PLACE II, LLC and SCD MEMORIAL LAKES I LLC, § § § Plaintiffs, § § V. § § LANDMARK AMERICAN INSURANCE § COMPANY and CERTAIN UNDERWRITERS§ AT LLOYD'S, LONDON, SUBSCRIBING TO § POLICY NUMBER E16NP08710, § § Defendants. § | CIVIL ACTION NO. H-19-2401 |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this case which has been referred for all pretrial proceedings is Plaintiffs' Motion to Remand (Document No. 8) and Defendant Landmark American Insurance Company's "Motion to Sever Based on Misjoinder in Opposition to Plaintiff's Motion to Remand" (Document No. 13). Having considered the motions, the responses and additional briefing, the allegations in Plaintiffs' state court pleading and the state court joinder rules, and the contents of Defendant, Certain Underwriters at Lloyd's, London, Subscribing to Policy Number E16NP08710's Amended Notice of Removal (Document No. 14), the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Motion to Remand be GRANTED and Defendant's responsive Motion to Sever be DENIED.

### I. Background

This is an insurance coverage dispute brought by two insureds against the insurance companies that provided them with deductible buy back insurance. Plaintiff SCD Memorial Place

II LLC ("Memorial Place"), which owns the property at 15377 Memorial Drive, Houston, obtained deductible buy back insurance from Defendant Landmark American Insurance Company ("Landmark"). Plaintiff SCD Memorial Lakes I LLC ("Memorial Lakes"), which owns the property at 15375 Memorial Drive, Houston, obtained deductible buy back insurance from Defendant Certain Underwriters at Lloyd's, London, Subscribing to Policy Number E16NP08710 ("Lloyds"). Both policies covered the period of August 31, 2016, through August 31, 2017.[1] The sole member of both Plaintiffs is Skanska USA Commercial Development, Inc.

In the state court petition Plaintiffs filed on May 28, 2019, Plaintiffs alleged that Landmark and Lloyd's breached the deductible buy back insurance policies they had with Plaintiffs by failing and/or refusing to pay amounts due under the policies related to damage incurred by Plaintiffs in relation to Hurricane Harvey. Memorial Place also alleged that Landmark violated certain provisions of the Texas Insurance Code. On July 3, 2019, the case was removed to this Court on the basis of diversity jurisdiction, with Lloyd's alleging that there was complete diversity amongst the parties. Plaintiffs have now filed a Motion to Remand, arguing that Defendants have not shown that there is complete diversity and in all likelihood cannot do so given the Lloyd's citizenship is based on the citizenship of each of its members, which number in the thousands. Lloyds, in response, has provided information about the eight "syndicates" subscribing to the policy at issue, arguing that the capital provider of each syndicate is diverse from Plaintiffs. Landmark, in response, has filed a Motion to Sever, seeking to sever the claim(s) against it by Memorial Place from the claim(s) against Lloyd's by Memorial Lakes on the basis that Plaintiffs "fraudulently misjoined," or misjoined their

---

[1] The Landmark policy was, by virtue of an additional premium payment of $1,283.00, extended to September 7, 2017. *See* Document No. 8-4 at 2 in *Landmark American Ins. Co. v. SDC Memorial Place II, LLC*, Civil Action No. H-19-0838.

2

claims in order to defeat diversity jurisdiction.

## II. Discussion – Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (a) citizens of different states." Cases filed in state court over which the district courts of the United States have "original jurisdiction [ ] may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When a case is removed from state court, it is the removing party's burden to show "that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). In a removal based on diversity jurisdiction, it can do this by "'distinctly and affirmatively alleg[ing]' the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). As is relevant to the parties in this case, a corporation is a citizen of the state in which it is incorporated, and a citizen of the state in which it maintains its principal place of business, 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"), a limited liability company is considered a citizen of the states in which its members are citizens, *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019); and Lloyd's entities are considered citizens of every state in which their members reside, *see Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) ("only underwriters are members of the organization" and "we look only to the

3

citizenship of the underwriters to determine whether diversity jurisdiction exists"), *cert. denied*, 511 U.S. 1032 (1994).

Here, the parties' dispute about diversity revolves around the citizenship of Lloyd's. According to Lloyd's submissions, there are eight syndicates that subscribe to the policy at issue in this case. The "capital provider" of one of those syndicates, Syndicate FDY 0435, is Berkshire Hathaway, Inc., a Delaware Corporation with its principal place of business in Omaha, Nebraska. (Document No. 15 at 6). Lloyd's submissions, which reveal that one of its syndicate members is a citizen of the state of Delaware, means that there is not complete diversity in this case given that Plaintiffs are each Delaware limited liability companies with their principal places of business in Texas, and given that each Plaintiff has a single member, Skanska USA Commercial Development, Inc., which is also incorporated in Delaware and has its principal place of business in New York. Based on Lloyd's submissions, there is not complete diversity between the parties to this case.

That determination leads to, and provides the basis for, Landmark's separate argument that the claims between it and Memorial Place should be severed, and diversity jurisdiction determined solely as between Memorial Place and Landmark.

### III. Discussion – Joinder

Landmark, in its Motion to Sever, does not genuinely argue that there is complete diversity between the parties. Instead, Landmark argues that there would be diversity jurisdiction but for the fraudulent misjoinder of the parties and the claims in this case, and that the unrelated claim(s) as between Memorial Lakes and Lloyd's should be severed from the claim(s) between it and Memorial Place.

4

Because there is not complete diversity between the parties, and there is no other stated basis in the Notice or Amended Notice of Removal for subject matter jurisdiction, it would only be through Landmark's fraudulent misjoinder argument and its requested severance that there could be jurisdiction over this case. Under FED. R. CIV. P. 21, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Here, for the reasons that follow, the undersigned Magistrate Judge concludes that Landmark has not met the fraudulent misjoinder standard, and that Landmark's post-removal severance argument was not timely asserted, and was waived.

Like fraudulent joinder,[2] fraudulent "misjoinder" allows a district court to disregard "misjoined" parties for purposes of exercising diversity jurisdiction over a case. A defendant is fraudulently "misjoined" if it has been joined in violation of the applicable joinder rules and the joinder of that defendant is "sufficiently egregious." *Centaurus Unity, LP v. Lexington Ins. Co.*, 766 F.Supp.2d 780, 789-90 (S.D. Tex. 2011); *Doe #4 v. Salesforce.com, Inc.*, 389 F.Supp.3d 473, 476 (S.D. Tex. 2019); see also *Xarelto Products Liability Litigation*, MDL No. 2592, No. 16-1066, 2016 WL 4409555 *4 ("Only 'egregious' misjoinder justifies discounting the citizenship of misjoined defendants and finding complete diversity of citizenship"). Where a case has been removed from state court, it is the state's joinder rules that must be consulted. *Womack v. Avera*, Civil Action No.

---

[2] Where there has been fraudulent joinder, a District Court disregards the citizenship, for diversity jurisdiction purposes, of any defendant fraudulently joined. *Murray v. Allstate Vehicle & Prop. Ins. Co.*, No. CV H-18-3411, 2018 WL 5634949, at *2 (S.D. Tex. Oct. 30, 2018). "Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

5

SA-15-CA-962-XR, 2015 WL 12748641 *2 (W.D. Tex. Nov. 10, 2015); *Xarelto,* 2016 WL 4409555 *4.

> Here, TEX. R. APP. P. 40, provides for the joinder of parties as follows:
>
> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Assuming, without deciding, that Plaintiffs' joinder of claims against Landmark and Lloyd's did not comport with TEX. R. CIV. P. 40, the facts of this case, the circumstances related to the filing of this case in state court, and the common questions of law that must be decided in connection with the breach of contract claims brought by both Memorial Place against Landmark and Memorial Lakes against Lloyd's, convinces the undersigned that the complained of joinder of Landmark and Lloyd's was not sufficiently egregious to establish "fraudulent misjoinder" for subject matter jurisdiction purposes.

The concept of "fraudulent misjoinder" was developed in the Eleventh Circuit in *Tapscott v. MS Dealer Service Corporation,* 77 F.3d 1353, 1360 (11th Cir.1996), *abrogated in part on other grounds by Cohen v. Office Depot,* 204 F.3d 1069 (11th Cir.2000). It has not, as a jurisdictional concept, been specifically accepted by the Fifth Circuit, nor has there been a case in this Circuit in which jurisdiction has been premised on fraudulent misjoinder. In the two published cases that have

directly considered it in this Circuit, neither found that it applied, with those determinations being primarily based on the egregiousness factor. *See Salesforce*, 389 F.Supp.3d at 477; *Centaurus*, 766 F.Supp.2d at 790.

Here, while it is true that there are two separate deductible buy back policies at issue, with Landmark issuing one to Memorial Place and Lloyd's issuing the other to Memorial Lakes, both policies cover the peril of "windstorm" and both were policies designed to cover "deductibles" attendant to a Commercial Property policy, issued by Lexington Insurance Company to Skanska that covered both properties. Moreover, the peril at issue – Hurricane Harvey – is common to both coverage claims, and both properties, which are in the same "complex" of buildings, were affected the same way. Finally, as least with respect to Landmark, the record shows that its actions are less than stellar, with Landmark initiating a declaratory judgment suit against Memorial Place in federal court before Memorial Place could even provide it with the pre-suit notice required by Article 542A.003 of the Texas Insurance Code. *See Landmark American Ins. Co. v. SDC Memorial Place II, LLC*, Civil Action No. H-19-0838. Where the issues to be decided are essentially the same, and the claims, whether they are characterized as separate and independent or not, arise out of the same transaction and occurrence, the joinder complained of by Landmark is not sufficiently egregious to justify the severance and exercise of jurisdiction sought. *E.g., Salesforce*, 389 F.Supp.3d at 478 (finding joinder did not "rise to the level of egregiousness required for a finding of fraudulent misjoinder"); *Centaurus*, 766 F.Supp.2d at 790 ("Moreover, even assuming that Rule 40 is not satisfied, there is no evidence demonstrating that the joinder [complained of] is sufficiently 'egregious' to be deemed fraudulent."); *Womack*, 2015 WL 12748641 at *2 (finding that "even if the parties are improperly joined, such joinder is not 'egregious' and the misjoinder, if any, does not

support removal on the basis of fraudulent joinder"); *see also Sticker Synergy Corp. v. Gwyn*, Civil Action No. 14-2521, 2015 WL 4097215 *10 (E.D. La. July 6, 2015) (noting that "only the 'egregious' misjoinder of parties with no real connection to each other, and not 'mere' misjoinder, constitutes fraudulent joinder.").

In addition, and notwithstanding that determination, the undersigned concludes that exercising jurisdiction upon a severance of the claims is also not warranted given Landmark's failure to timely assert misjoinder as a basis for exercising jurisdiction. The record shows that Plaintiffs filed suit in state court on May 28, 2019. Lloyds was served on June 5, 2019. Nothing in the record shows when Landmark was served, but the record does show that Landmark filed its Answer in state court on June 21, 2019. On July 3, 2019, Lloyd's timely removed this case on the basis of diversity jurisdiction. Landmark "consented" to that removal. Following the Court's Order of August 6, 2019 (Document No. 11), which advised Lloyd's that its Notice of Removal was deficient insofar as Lloyd's had not identified its members, Lloyd's filed an Amended Notice of Removal (Document No. 14), asserting, again, that there was complete diversity between the parties. Again, Landmark "consented" to the Amended Notice of Removal. In addition, however, Landmark filed a separate "Motion to Sever Based on Misjoinder in Opposition to Plaintiff's Motion to Remand" (Document No. 13). It was in the Motion to Sever, filed on August 16, 2019, that Landmark, for the first time, argued and asserted in this case that the Court could exercise subject matter diversity jurisdiction over the claim(s) between it and Memorial Place through a severance of the claim(s) as between Memorial Lakes and Lloyd's.[3] This assertion of fraudulent misjoinder should have been made in

---

[3] Landmark did, prior to removal, file a state court Motion to Stay, and argued therein that the claim(s) asserted against it by Memorial Place should be stayed in favor of the declaratory

8

connection with the Notice of Removal, to which Landmark consented. Landmark's assertion of fraudulent misjoinder only in response to Plaintiffs' Motion to Remand was untimely and, as a consequence, the misjoinder arguments were waived by Landmark. *See Delong v. Car2go NA, LLC*, No. 1:19-CV-232-RP, 2019 WL 3423442 *1 (W.D. Tex. July 30, 2019) ("The Court need not resolve the merits of car2go's new improper-joinder argument because the company waived that argument by not raising it in its notice of removal"); *Hasbun v. Pan American Life Ins. Group, Inc.*, Civil Action No. H-13-0830, 2014 WL 12599397 *3 (S.D. Tex. Mar. 28, 2014) ("Because Defendants have failed to even obliquely mention 'improper joinder' in their notice of removal, '[i]t would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different . . . ground.'"); *Heard v. American Alternative Ins. Corp.*, Civil Action No. 12-0644-WS-C, 2013 WL 593687 * 3 (S.D. Ala. Feb. 15, 2013) (noting that misjoinder argument, which was first raised in response to a motion to remand, was "probably waived"); *but see also Hoyt v. Lane Construction Corp.*, 927 F.3d 287, 295 n. 2 (5th Cir. 2019) (finding that waiver did not apply where improper joinder was not a ground for removal, but it was a "a rebuttal to [the plaintiffs'] argument that the voluntary-involuntary rule prevented removal.").[4]

---

judgment case it filed against Memorial Place. Document No. 14-7. While Landmark did state in the Motion to Stay that the claims against it were separate and distinct from the claim alleged by Memorial Lakes against Lloyd's, there was no improper joinder argument made, nor was there any request that the state court consider whether the claims had been misjoined under state law.

[4]While it is true that subject matter jurisdication can be considered at any time, the misjoinder argument raised by Landmark as a basis for creating jurisdiction where it would not otherwise exist, is judge-created rule, not a statutory provision, and is, as such, subject to waiver principles. *See Hoyt*, 927 F.3d at 297 n. 4 (discussing how rules of subject-matter jurisdiction cannot be forfeited, but judge-made removal rules can).

## IV. Conclusion and Recommendation

Based on the foregoing, the record evidence which shows that there is not complete diversity as between Plaintiffs Memorial Place and Memorial Lakes and Defendants Landmark and Lloyd's, and the conclusion that any misjoinder of parties was not egregious and that Landmark waived its fraudulent misjoinder argument by not timely asserting it, the Magistrate Judge

RECOMMENDS that Plaintiffs' Motion to Remand (Document No. 8) be GRANTED and Defendant Landmark's Motion to Sever (Document No. 13) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)©, FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 19th day of December, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE