IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCD MEMORIAL PLACE II LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-2401 |
| | § | |
| LANDMARK AMERICAN INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This suit arises out of an insurance dispute related to damages allegedly caused by Hurricane Harvey. This suit, seeking damages arising under the contract, was initially filed in state court by Plaintiffs SCD Memorial Place II LLC ("Memorial Place") and SCD Memorial Lakes I LLC ("Memorial Place") against Defendants Landmark American Insurance Company ("Landmark") and Certain Underwriters at Lloyd's London Subscribing to Policy No. E16NP08710 ("Lloyd's").[1] Defendants removed this action from state court. Plaintiffs sought to remand the case, alleging that complete diversity does not exist in this suit because Defendant Lloyd's and Plaintiffs are both citizens of Delaware. Defendants do not dispute the lack of complete diversity. Instead, it argues that its case has been fraudulently misjoined to the suit against Lloyd's and sought to sever this action. The United States Magistrate Judge issued a memorandum and recommendation finding that there the suits were not fraudulently misjoined and, thus, that this Court did not have jurisdiction to entertain Defendant Landmark's motion to sever. (Doc. No. 24). The Magistrate Judge therefore recommended this Court grant Plaintiffs' motion to remand. Defendant Landmark filed objections to the recommendation, re-urging its

---

[1] Defendant Landmark is the Plaintiff in a sister case filed before this suit seeking a declaratory judgment against Plaintiff Memorial Place finding that it is not liable under the insurance contract.

fraudulent misjoinder arguments. (Doc. No. 25). Plaintiffs filed a motion seeking attorney's fees related to the remand. (Doc. No. 26).

The Court adopts the findings in the Magistrate Judge's recommendation. In cases alleging fraudulent misjoinder, it is incumbent upon the Defendant to show that the alleged misjoinder is "sufficiently egregious" to rise to the level of a fraudulent misjoinder. *Centaurus Unity, LP v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 789–90 (S.D. Tex. 2011). Having considered Defendant Landmark's arguments, the Court does not believe this alleged misjoinder is egregious. Plaintiffs have a rational reason for wanting a court to provide them with consistent applications of the respective agreements to the same natural disaster. Therefore, the Court overrules Landmark's objections.

Further, the Court has considered Plaintiffs' request for attorney's fees and does not believe such an award is appropriate. Therefore, the Court denies Plaintiffs' request.

Signed this 11 day of February, 2020.

Andrew S. Hanen
United States District Judge